IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE G. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-269 |
| | § | |
| TIENDAS CUADRA US LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Rene G. Hernandez has sued Tiendas Cuadra US LLC, which owns and operates retail stores selling leather goods, alleging that Tiendas Cuadra discrimination on the basis of age, sex, and race, in violation of Texas and federal law. Hernandez also asserted a disability claim, with no supporting facts. Tiendas Cuadra has moved to dismiss, arguing that Hernandez's complaint does not sufficiently allege facts to state a plausible claim of sex, race, or disability. (Docket Entry No. 10). Hernandez has not responded. After a careful review of the complaint, Tiendas Cuadra's arguments, and the applicable law, the court grants the motion to dismiss all claims but the age-discrimination claim, with prejudice and without leave to amend. Hernandez must amend her age discrimination claim, which is dismissed, no later than **June 24**, **2019**, or this case will be dismissed, with prejudice. The reasons are explained in detail below.

**I.     Background**

The court accepts the well-pleaded allegations as true for this motion and considers also the EEOC charge attached to the complaint. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634–35 (5th Cir. 2014). In July 2017, Tiendas Cuadra hired Hernandez as a "Supervisor." (Docket Entry No. 1-1 at 4). Hernandez alleges that Tiendas Cuadra discriminated

against her because she was not from Mexico; was Muslim; was 48-years old; and was female. (Docket Entry No. 1 at 3–4). Tiendas Cuadra promoted "Mexican nationals" over her; demoted and later fired her in January 2017 after she had complained that "the company was reporting [inventory] losses that were not true" and after she had refused a pay reduction because of missing inventory. (*Id.*; *see* Docket Entry No. 1-1 at 4).

In Hernandez's discrimination charge filed with the EEOC in February 2018, she alleged that a Tiendas Cuadra store manager, Paul Cuevas, demoted her, fired her, and then hired a 26-year-old woman to replace her. (Docket Entry No. 1-1 at 4). In October 2018, the Commission dismissed Hernandez's charge because it was "unable to conclude that the information obtained establishes violations of the statutes." (*Id.* at 2).

Hernandez timely sued in federal court, asserting violations of the Texas Commission of Human Rights Act ("TCHRA"); the Age Discrimination and Employment Act; Title VII of the Civil Rights Act; and the Rehabilitation Act. (Docket Entry No. 1 at 4–7). Tiendas Cuadra moved to dismiss, arguing that Hernandez failed to exhaust her administrative remedies for her race-based discrimination and retaliation claims; Tiendas Cuadra does not receive federal funding, as required for a Rehabilitation Act claim; Hernandez has not alleged that she participated in any protected activity, as required for a retaliation claim; and Hernandez does not allege facts supporting a plausible inference of sex discrimination. (Docket Entry No. 10 at 10–20). Hernandez did not respond. Tiendas Cuadra's arguments are considered in detail below.

## II.     The Legal Standard for Dismissal

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). The district court has discretion to grant or deny leave to amend. *Id.*

### III. Analysis

#### A. The Rehabilitation Act Claim

"The Rehabilitation Act prohibits discrimination on the basis of disability in federal agencies and federally funded programs." *Powers v. Northside Indep. Sch. Dist.*, 662 F. App'x 306, 307 (5th Cir. 2016) (citing 29 U.S.C. § 794(a)). Because Hernandez has not alleged that Tiendas Cuadra receives federal funding at all, much less in any aspect involving her, her Rehabilitation Act claim is dismissed. Because she fails to allege any disability at all, and because she pleads no connection between any disability and her demotion or termination, the claims are dismissed, with prejudice, because the two problems make amendment futile.

#### B. Exhaustion

Under Title VII and the TCHRA, an employee must exhaust administrative remedies before seeking judicial relief. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *Harris v. Honda*, 213 F. App'x 258, 261 (5th Cir. 2006). A private-sector employee satisfies this requirement by timely filing a discrimination charge with the EEOC. *See McClain*, 519 F.3d at 273; *Harris*, 213 F. App'x at 261. "In assessing whether a charge properly exhausts a particular claim," a court "broadly" construes the charge, but a claim is exhausted only "if it could have been 'reasonably expected to grow out of the charge of discrimination.'" *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 490 (5th Cir. 2010) (alterations omitted) (quoting *McClain*, 519 F.3d at 273).

Hernandez has not exhausted her claims for race or religious discrimination. Hernandez states that her action "is brought to remedy discrimination on the basis of age, sex, race, and retaliation." (Docket Entry No. 1 at 1). She alleged that Tiendas Cuadra was "persecuting her because of her Muslim background." (*Id.* at 3). In Hernandez's discrimination charge, she

4

checked age- and sex-discrimination boxes, stating only that the Tiendas Cuadra store manager demoted and fired her, and then hired a "26-year-old woman." (Docket Entry No. 1-1 at 4). These allegations do not support a plausible inference of race or religious discrimination that could have been reasonably expected to grow out of the charge of discrimination. *Jefferson*, 374 F. App'x at 490. To the extent that Hernandez asserts claims of race discrimination based on her non-Mexican origin, or discrimination based on her Muslim religion, those claims are dismissed for failure to exhaust. Leave to amend is not granted because amendment would be futile.

C. **The Retaliation Claim**

Tiendas Cuadra also argues that Hernandez has failed to state a plausible retaliation claim because she has not alleged facts supporting a plausible inference that "she engaged in any activity protected" or "reasonably believed she did." (Docket Entry No. 10 at 16).

"The substantive law governing Title VII and TCHRA retaliation claims is identical." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014). "Making a prima facie case for a retaliation claim requires the plaintiff 'to demonstrate that: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action.'" *Id.* at 170–71 (quoting *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013)). Opposing any "practice made an unlawful employment practice" under Title VII or the TCHRA is a protected activity. *Id.* (quotation omitted); *Royal*, 736 F.3d at 400;

Hernandez alleges that Tiendas Cuadra retaliated against her for complaining that "the company was reporting [inventory] losses that were not true," for saying that the employees should not have their pay reduced because of the inventory losses, and refusing to have her pay reduced because of the inventory losses. (Docket Entry No. 1 at 3–4). It is a protected activity to oppose

discriminatory practices prohibited under Title VII or the TCHRA.[1] But complaining about improper business practices, even if unfair, is not a protected activity because it is not a complaint of unlawful discrimination. *See Starnes v. Wallace*, 849 F.3d 627, 632 (5th Cir. 2017) ("In order for an employee's communication to constitute a complaint, the employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation and the complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [statutes] and a call for their protection." (quoting *Lasater v. Tex. A & M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012))). Hernandez has not alleged facts supporting a plausible inference that the company's reports of inventory loss were a discriminatory practice or pretext for illegal discrimination.[2] To the contrary, the allegations appear to be that she complained that all employees were having pay reductions because of missing inventory. Hernandez's retaliation claims are dismissed, with prejudice and without leave to amend because amendment would be futile.

---

[1] *See Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 245–46 (5th Cir. 2017) ("An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." (quotation omitted)); *Gober v. Frankel Family Tr.*, 537 F. App'x 518, 522 (5th Cir. 2013) ("A 'protected activity' includes opposing discriminatory practices." (quoting TEX. LAB. CODE § 21.055(1))).

[2] *See Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) ("[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." (quotation omitted)); *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 162 (5th Cir. 2008) ("[T]he complained about behavior does not involve an employee being treated unfairly due to race or sex, thus the complaints are not protected activity."); *Harris-Childs v. Medco Health Sols. Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) ("[Plaintiff] has not demonstrated that she put the employer on notice that her complaint was based on racial or sexual discrimination.").

### D. The Sex-Discrimination Claim

Tiendas Cuadra argues that Hernandez has failed to state a plausible sex-discrimination claim because the complaint contains no allegations "that she was discriminated against on the basis of her sex." (Docket Entry No. 10 at 19). A prima-facie showing of sex discrimination requires the plaintiff to allege facts showing that she: "(1) belongs to a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a similarly qualified person who was not a member of [her] protected group." *Rodriguez v. Brownsville Indep. Sch. Dist.*, 739 F. App'x 227, 232 (5th Cir. 2018) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). Hernandez, a woman, alleges that Tiendas Cuadra fired her and filled her position with another woman. (Docket Entry No. 1 at 4; Docket Entry No. 1-1 at 4). Because Hernandez has alleged that Tiendas Cuadra replaced her with a member of her own protected group, she has not alleged a prima facie showing of sex discrimination. Hernandez's sex discrimination claim is dismissed, with prejudice and without leave to amend, because amendment would be futile.

### E. The Age-Discrimination Claim

The only fact alleged to support Hernandez's age-discrimination claim is that the person hired to replace her was 26 years old, while Hernandez was 48 years old. This is insufficient. *See Breaux v. Rosemont Realty*, No. 18-30870, 2019 WL 1856410, at *2 (5th Cir. Apr. 24, 2019) ("[P]laintiffs must prove by direct or circumstantial evidence that age was the 'but-for' cause of the alleged adverse employment action." (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009))). This claim is dismissed, without prejudice and with leave to amend. Hernandez may amend this claim no later than **June 24**, **2019**.

## IV. Conclusion

Tiendas Cuadra's motion to dismiss is granted. (Docket Entry No. 10). Hernandez's claims under the Rehabilitation Act; for sex, race, and religious discrimination; and for retaliation are dismissed, with prejudice and without leave to amend. To the extent Hernandez asserts age discrimination, that claim is dismissed, without prejudice and with leave to amend. Hernandez must file an amended complaint no later than **June 24**, **2019**. If she fails to do so, the case will be dismissed, with prejudice. The initial pretrial conference is reset for **July 11**, **2019**, at **11:00 a.m.**

SIGNED on June 3, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge